**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>ACX1 STUDIOS, LLC,<br><br>Debtor. | Case No.: 26-12812-ABA<br><br>Chapter: 7 |
| ALEX GODOROV,<br><br>Plaintiffs,<br><br>v.<br><br>ACX1 STUDIOS, LLC; ACX1 HOLDINGS, LLC; JOE HENNIGAN; GIA ARRON; and JOHN/JANE DOES 1-10,<br><br>Defendants. | Adv. No.: 26-01292-ABA<br><br>Judge: Andrew B. Altenburg, Jr.<br><br>Hearing: August 11, 2026, at 2:00 p.m. |

**MEMORANDUM DECISION**

Before the court is the *Motion to Dismiss Adversary Proceeding* (the "Motion"), Doc. No. 3, filed by Maureen P. Steady, as Chapter 7 Trustee, for failure to state a claim upon which relief may be granted against the Debtor under Federal Rule 12(b)(6). The court finds that because the chapter 7 Debtor ACX1 Studios, LLC is a corporation and cannot receive a discharge under 11 U.S.C. § 727, an action under § 523 and/or § 727 is futile and has no effect. Likewise, the adversary proceeding process is the improper mechanism for Plaintiff Alex Godorov ("Godorov") to assert his pre-petition claims against the Debtor as there is a proof of claim process and Godorov has already filed a proof of claim[1] to be determined through that process. Finally, as to the claims against the non-debtor Defendants, those Defendants are not subject to this court's jurisdiction and/or the court *cannot* determine nondischargeability claims against non-debtors. For the reasons that follow, the court finds that the Complaint is dismissed in its entirety with prejudice.

[1] *See,* proof of claim No. 40-1, (the "Proof of Claim") in the main bankruptcy case, Bankr. Case No. 26-12812 (the "Main Case")

## JURISDICTION AND VENUE

This matter before the court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), and (O), and the court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a) and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012 and June 6, 2025, referring all bankruptcy cases to the bankruptcy court. The following constitutes this court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND/PROCEDURAL HISTORY

Before the court is: the Motion; and the *Plaintiff Alex Godorov's Memorandum of Law in Opposition to the Motion of Chapter 7 Trustee to Dismiss Complaint Pursuant to F.R. Civ. P. 12(b)(6)* (the "Opposition"), Doc. No. 4, filed by Godorov.

On March 13, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is a corporation. *See* Doc. 1, Part 6 in the Main Case. On April 27, 2026, the court entered an order converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code and Maureen P. Steady was appointed the chapter 7 trustee of the Debtor's estate (the "Trustee") and serves as the representative of the estate of the Debtor pursuant to 11 U.S.C. §323(a). In that role, the Trustee has the capacity to sue pursuant to 11 U.S.C. §323(b).

On June 16, 2026, Godorov initiated this Adversary Proceeding by filing a complaint (the "Complaint"), Doc. No. 1, against the Debtor and non-debtors, ACX1 Holdings, LLC ("ACX1 Holdings"), Joe Hennigan ("Hennigan"), Gia Aaron ("Aaron"), and John/Jane Does 1-10 (collectively, the "Defendants") for: Count I - Fraud / Fraudulent Misrepresentation; Count II - Breach of Contract; Count III - Unjust Enrichment; Count IV - Nondischargeability Under 11 U.S.C. § 523(a)(2)(A); Count V - Civil Conspiracy; and Count VI - Turnover of Property Under 11 U.S.C. § 542. The Motion by the Trustee and Godorov's Opposition followed. Importantly, none of the remaining Defendants have filed anything and Godorov has not taken any other steps with regard to the remaining Defendants. There is no proof on the Court's docket that the remaining Defendants were ever served with the Complaint.

A hearing was conducted and concluded on August 11, 2026. The Trustee, as representative of the bankruptcy estate, and counsel for Aaron appeared. Godorov did not appear. The record is closed, and the matter is ripe for disposition.

## DISCUSSION

In making its determinations below, the court is cognizant of Godorov's *pro se* status and has accordingly granted him a certain degree of leniency. Indeed, courts are encouraged to be more lenient when a litigant proceeds *pro se*. *In re Rusch*, No. BKR. 09-44799, 2010 WL 5394789, at *2 (Bankr. D.N.J. Dec. 28, 2010) (citing *Huertas v. U.S. Dept. of Education*, 2010 WL 2771767

(D.N.J. 2010)); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (holding that pro se documents are to be liberally construed). Nevertheless, the Supreme Court has noted that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (quoting *Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980)). Accordingly, the leniency provided to *pro se* litigants does not allow the court to ignore procedural requirements where the undisputed facts and applicable elements of law do not create a cause of action where one does not exist and/or is unnecessary.

As to the Motion:

> A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim is made applicable in an adversary proceeding pursuant to Bankruptcy Rule 7012. Fed. R. Bankr. P. 7012; Fed.R.Civ.P. 12(b)(6). Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. *Wells Fargo Equip. Fin., Inc. v. Alario,* No. 10–37591 MBK, 2011 WL 3510865, at *2 (Bankr. D.N.J. Aug. 9, 2011) "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The plausibility standard requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

*Bender v. Hargrave*, AP 15-02450-ABA, 2016 WL 1147361, at *8 (Bankr. D.N.J. Mar. 9, 2016). What is more, "[i]t is axiomatic that a claim cannot be plausible when it has no legal basis. A dismissal under Civil Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory." *In re Speir*, No. ADV. 11-01198, 2012 WL 2094230, at *2 (B.A.P. 9th Cir. June 11, 2012) (citing *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121 (9th Cir.2008)).

## A. <u>The Complaint as to the Debtor Must Be Dismissed</u>

Of Godorov's claims, only Count I (fraud/fraudulent misrepresentation), II (breach of contract), III (unjust enrichment), IV (nondischargeability), and VI (turnover) are asserted against the Debtor. The court will address each below.

First, Count IV of the Complaint is a claim for nondischargeability against the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A). For the reasons that follow, Count IV must be dismissed. Pursuant to 11 U.S.C. § 727, "[t]he court shall grant the debtor a discharge, *unless* – (1) the debtor is *not an individual*." 11 U.S.C. § 727(a)(1) (emphasis added). Likewise, 11 U.S.C. § 523 provides, "[a] discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an *individual debtor* from any debt…" 11 U.S.C. § 523(a) (emphasis added). As a result, based on the clear language in the statute, where a chapter 7 debtor is a corporation, a complaint objecting to that corporation's discharge under 11 U.S.C. § 727 or § 523 is futile since a corporate debtor in a chapter 7 case does not receive a discharge. Consequently, any action brought objecting to a corporation's discharge, here Count IV, will have no effect and must be dismissed. *See In re Moo & Oink, Inc.*, No. 11 B 34616, 2012 WL 987742, at *1 (Bankr. N.D. Ill. Mar. 22, 2012) ("Defendant is a corporation and is therefore not entitled to a discharge under Chapter 7 of the Bankruptcy Code. 11 U .S.C. § 727(a)(1). Section 523 of the Bankruptcy Code prevents a discharge under § 727. *But because Defendant cannot and did not receive a discharge under § 727, an action under § 523 has no effect*. Therefore, those Counts will be dismissed.") (emphasis added); *In re Tri-R Builders, Inc.*, 86 B.R. 138, 141 (Bankr. N.D. Ind. 1986) ("to the extent that the [creditor] bring[s] an action under 11 U.S.C. § 727 to deny discharge to the debtor, summary judgment shall issue. It is undisputed that the debtor, [] is a corporation. Due to that status, it is not entitled to discharge under 11 U.S.C. § 727… To the extent that the [creditor's] complaint prayed for a determination of dischargeability of debt under 11 U.S.C. § 523(a)(2), summary judgment shall also be granted... *It is clear, that [the debtor] is not entitled to discharge under § 727. It follows, that the determination of dischargeability of a debt under 11 U.S.C. § 523 is a meaningless task*") (emphasis added); *In re Paradise Farms, Inc.,* No. 12-30111, 2013 WL 4806422, at *4 (Bankr. S.D. Ga. Sept. 9, 2013) (denying creditor's request for an extension of time for objecting to discharge because debtor, as a corporation, will not receive a chapter 7 discharge). Here, it is not necessary to conduct a trial on the Complaint because it would serve no adjudicative purpose. No matter what, the resulting relief requested in Count IV related to nondischargeability would remain unchanged. There is simply no need for a trial.

What is more, the Complaint contravenes judicial economy. "'Judicial economy' means '[e]fficiency in the operation of the courts and the judicial system; esp., the efficient management of litigation so as to minimize duplication of effort and to avoid wasting the judiciary's time and resources.'" *In re Modafinil Antitrust Litig.,* 837 F.3d 238, 268 (3d Cir. 2016), *as amended* (Sept. 29, 2016) (citing *Judicial Economy*, *Black's Law Dictionary* (9th ed. 2009)). Because the Debtor does not receive a discharge, setting up a trial with regard to Count IV, with all its related events, is not an efficient management of litigation and most certainly is a waste of the court's time and resources. Count IV must be dismissed.

Next, Counts I, II, and III consist of claims of fraud, breach of contract, and unjust enrichment related to pre-petition conduct of the Debtor, where Godorov is seeking damages and restitution. Doc. No. 1, at 6-8. Each of these Counts must likewise be dismissed, as it is procedurally improper to bring a pre-petition claim against the Debtor through an adversary proceeding. The proper way is to submit a proof of claim through the claims allowance process, *something which Godorov has already done*, and if objected to,[2] the court will determine the

[2] There is no evidence that the Trustee is objecting to the Proof of Claim, making the whole process superfluous. But even if the Trustee does object, Godorov's rights are reserved in the claims allowance process.

allowed amount of the contested claim after notice and a hearing. *See* Proof of Claim; 11 U.S.C. § 501; § 502; and Fed. R. Bankr. P. 3002. Because of this, dismissal of Counts I, II, and III in the Complaint is appropriate. *See In re Buildings by Jamie, Inc.,* 230 B.R. 36, 46 (Bankr. D.N.J. 1998) (dismissing creditors' claims against the debtor because "the proper procedure for them to prosecute claims directly against the debtor is to simply file proofs of claims in accordance with the Bankruptcy Code and Rules"); *In re Lehman Bros. Holdings, Inc.*, No. 08-13555 JMP, 2011 WL 722582, at *7-8 (Bankr. S.D.N.Y. Feb. 22, 2011) (finding the complaint fails to state a claim for which relief may be granted because a prepetition breach of contract claim against the debtor is not a proper subject for an adversary proceeding and should be asserted in the claims allowance process); *In re Liberty Asset Mgmt. Corp.*, No. 2:16-BK-13575-TD, 2017 WL 1100586, at *5 (B.A.P. 9th Cir. Mar. 21, 2017) ("Ordinarily, creditors assert prepetition claims by filing proofs of claim, not complaints or counterclaims in adversary proceedings"); *In re Residential Cap., LLC*, No. 12-12020 (MG), 2014 WL 3057111, at *6 (Bankr. S.D.N.Y. July 7, 2014) ("Damage claims [against the debtor] should be asserted in a proof of claim"). If the proof of claim is not objected to, the claim will be deemed allowed. *See* 11 U.S.C. § 502 ("a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest… objects"). By filing his Proof of Claim, Godorov has submitted to the claims allowance process. There is simply no need for an adversary proceeding, and Godorov's attempt here is an unnecessary duplication of the claims allowance process as to these Counts, contrary to judicial economy. Count I[3], II, and III must be dismissed.

Finally, Count VI seeks a turnover of property to satisfy Godorov's claims. Doc. No. 1, at 8. This Count must also be dismissed as it seeks relief under 11 U.S.C. § 542 and only the Trustee has standing to seek turnover of property alleged to belong to the estate. *See In re Freeman*, 331 B.R. 327, 329 (Bankr. N.D. Ohio 2005) ("Section 542, the general provision in the Bankruptcy Code governing turnover, confers this right upon the trustee"); *In re Tylee*, 512 B.R. 409, 420 (Bankr. E.D.N.Y. 2014) ("a turnover action is reserved solely for the [t]rustee. Therefore, the [t]rustee shall determine whether he should bring a proceeding to recover any assets of the estate."); *In re Perkins,* 902 F.2d 1254, 1257–58 (7th Cir.1990) (finding that a creditor of the Chapter 7 estate does not have standing to seek turnover of property alleged to belong to the estate). By the same token, the Trustee has a duty to collect property of the estate. 11 U.S.C. § 704(a). Thus, Count VI must be dismissed due to Godorov's lack of standing to pursue this claim.

With ALL claims specifically against the Debtor required to be dismissed, this leaves only the remaining Counts against the non-debtor Defendants.

---

[3] The court acknowledges that Godorov's claim for fraud/fraudulent misrepresentation under Count I may be duplicative of the claim for nondischargeability, however, the claim is a separate substantive fraud claim against the Debtor that is distinguishable from a claim for nondischargeability based on fraud. And while, as set forth above, the nondischargeability count may be legally unnecessary or inapplicable, the underlying fraud count remains independently viable and will be addressed through the claims allowance process. The parties will be left to their proofs.

### B. <u>The Complaint as to the Non-Debtor Defendants Must Also Be Dismissed</u>

There is no proof that the remaining Defendants were served with the Complaint and the court's Docket reflects that Godorov has taken no steps with regard to the Defendants since the filing of the Complaint.[4] Nevertheless, "[if] the court determines ***at any time*** that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added) (incorporated in this Adversary Proceeding through Fed. R. Bankr. P. 7012.) A court may *sua sponte* dismiss a complaint under rule 12(b)(6) when it is "crystal clear" that the plaintiff cannot prevail. *Bethea v. Nation of Islam*, 248 F. App'x 331, 333 (3d Cir. 2007). *See also Desi's Pizza, Inc. v. City of Wilkes-Barre* 321 F.3d 411, 420 (3d Cir. 2003) (Finding the court may *sua sponte* raise lack of subject matter jurisdiction.); *Bracken v. Matgouranis,* 296 F.3d 160, 162 (3d Cir.2002) ("[T]his Court has a continuing obligation to sua sponte raise the issue of subject matter jurisdiction when it is in question."); *Morel v. INS,* 144 F.3d 248, 250, n.3 (3d Cir.1998) ("[A federal] court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion.") Without question, dismissal by the court is required when there is no subject matter jurisdiction and there is no requirement under the Rule for a party to file any pleading in order for the court to dismiss a case for lack of subject matter jurisdiction. *See In re Cumberbatch*, 657 B.R. 683, 695 (Bankr. E.D.N.Y. 2024) and *In re Hall*, 629 B.R. 124, 140 (Bankr. E.D.N.Y. 2021). Here, all the Counts must be dismissed against the Defendants to whom they apply for lack of subject matter jurisdiction and/or for failure to state a claim for which relief may be granted.

As to the court's jurisdiction, "[b]ankruptcy jurisdiction extends to four types of title 11 matters: (1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11; and (4) proceedings 'related to' a case under title 11" *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006), *as amended* (Mar. 17, 2006) (citing *In re Combustion Eng'g, Inc.,* 391 F.3d 190, 225 (3d Cir.2005)). These four categories can be best described as follows:

> "The category of cases 'under' title 11 refers merely to the bankruptcy petition itself. A case 'arises under' title 11 if it invokes a substantive right provided by title 11…Proceedings 'arise in' a bankruptcy case, if they have no existence outside of the bankruptcy. Finally, a proceeding is 'related to' a bankruptcy case if the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."

*Stoe*, 436 F.3d at 216 (internal citations omitted).

[4] There is no proof of service for the Complaint on any party filed. *See generally* the court Docket. Aaron's counsel appeared at the August 11, 2026 hearing and confirmed the lack of service. There was no appearance by any other Defendant.

### 1. Dismissal Warranted as to Defendants Hennigan, Aaron and John/Jane Does[5]

Only Counts I, III, IV and V are alleged against Defendants Hennigan, Aaron and John/Jane Does. It is clear Count V for civil conspiracy against Defendants Hennigan, Aaron and John/Jane Does does not fall into the first 3 categories of the court's jurisdiction. First, a claim of civil conspiracy, if any, is not a case "under" title 11, as the claim is not derived from the bankruptcy petition itself. Second, the claim does not "arise under" title 11, as it does not invoke a substantive right provided by title 11. Third, the claim does not "arise in" a bankruptcy case, as it has clear existence outside the bankruptcy and could otherwise be brought in a non-bankruptcy forum.

This leaves only the fourth category — a related to "non-core" proceeding for which the proceeding's outcome could have any conceivable effect on the bankruptcy estate. *Stoe*, 436 F.3d at 216. Non-core proceedings "'involve disputes over rights that ... have little or no relation to the Bankruptcy Code, do not arise under federal bankruptcy law and would exist in the absence of a bankruptcy case.'" *In re Balensweig*, 410 B.R. 157, 162 (Bankr. S.D.N.Y. 2008) (citation omitted). Even if Godorov was successful in his claim against these Defendants, the result would have no conceivable effect on the administration of the estate as required by the Third Circuit as there is no legally sufficient nexus to confer "related to" jurisdiction. *See In re ETFF Corp*., 542 B.R. 180, 183 (Bankr. E.D. Pa. 2015) ("Generally, the adjudication of claims between non-debtor parties are not considered to within a Bankruptcy court's 'related to' jurisdiction"); *In re DVI, Inc*., 324 B.R. 548, 553 (Bankr. D. Del. 2005) (finding no "related to" jurisdiction because the claims only involved non-debtor parties and property that was not part of the debtors' estates); *In re Chapman Lumber Co. Inc*., 343 B.R. 217, 222 (Bankr. N.D. Iowa 2006) (dismissing claims against non-debtor defendant due to lack of "related to" jurisdiction). Godorov's specific claim against these Defendants under Count V is, at best, a non-core claim. But that claim does not have any conceivable effect on the bankruptcy estate.[6] If Godorov was successful, his recovery would be against these Defendants only. The bankruptcy estate will not benefit from his efforts. So, Count V against these Defendants must be dismissed.

Next, Counts I and III seek to hold these Defendants liable along with the Debtor for alleged fraud and unjust enrichment. As noted, Godorov's claim against the Debtor has already been set up through the claims allowance process as evidenced by his Proof of Claim. It is there where the alleged fraud and unjust enrichment claim against the Debtor will be decided – *not* in the Adversary Proceeding. It is there where Godorov's claim against the Debtor will be addressed and if allowed, distributed in accordance with the distribution scheme established under 11 U.S.C. § 726. This makes Godorov's claims here in the Complaint under Counts I and III solely claims against these non-debtors asserting state law causes of action. They are at best, "non-core" proceedings because "as a general rule, 'actions asserted by those plaintiffs who filed actions

[5] Although Godorov does not make any specific allegations to any John/Jane Doe in his Complaint, he does name them and some of his claims are "Against All Defendants". For the sake of caution and conclusiveness, the court includes them in this analysis as it would apply equally to them.

[6] Perhaps it could be argued that Godorov's successful claim against and recovery from these Defendants "might" result in a reduction of his claim against the bankruptcy estate. But that result is too remote and speculative at this point to have any conceivable effect on the bankruptcy estate warranting this court to find "related to" jurisdiction.

against non-debtor parties exclusively, regardless of whether they filed a proof of claim,' are 'presumptively non-core.'" *In re Exide Techs.*, 544 F.3d 196, 215 (3d Cir. 2008). What is more, Godorov's Proof of Claim filed in this bankruptcy case does not transform his pre-petition state law causes of action against the non-debtor Defendants into a core proceeding. *Id. See also, In re Argus Group 1700, Inc.*, 206 B.R. 737, 747-48 (Bankr.E.D.Pa.1996). The claims simply do not confer "related to" jurisdiction here.

The remaining claim, Count IV, Nondischargeability Under 11 U.S.C. §523(a)(2)(A), must also be dismissed for lack of jurisdiction, as it seeks a determination that these non-debtor Defendants' alleged debts to Godorov are nondischargeable. It is undisputed that these non-debtor Defendants are not debtors. Importantly, only "a debtor" – someone who filed for bankruptcy protection, is eligible for a discharge. *See* 11 U.S.C. § 727(a) ("the court shall grant *the debtor* a discharge…") (emphasis added); 11 U.S.C. §524(a)(1) ("A discharge in a case under this title – voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of *the debtor*…) (emphasis added); *In re Peralta*, No. 16-21251 (RG), 2019 WL 6048531, at *5 (Bankr. D.N.J. Nov. 14, 2019) ("Because the Non-Debtor Defendants are not debtors, they cannot be subject to a non-dischargeability judgment. Section 523 does not apply to the Non-Debtor Defendants"); *In re Qureshi*, No. 14-35109(JNP), 2015 WL 5254717, at *2 (Bankr. D.N.J. Sept. 8, 2015) ("[the defendant] cannot be subject to any judgment of non-dischargeability because [the defendant] is not a debtor.") Since Count IV is seeking a determination that these non-debtor Defendants' alleged debts are nondischargeable, the court must dismiss this claim for lack of subject matter jurisdiction. *See In re Senouthai*, No. AP 15-00425-MDC, 2019 WL 1400090, at *7 (Bankr. E.D. Pa. Mar. 26, 2019) (Dismissing plaintiff's § 523(a) claims against the non-debtor defendant for lack of subject matter jurisdiction); *Qureshi*, 2015 WL 5254717, at *2 (granting the non-debtor defendant's motion to dismiss for lack of subject matter jurisdiction as the plaintiff's § 523(a) claim could not apply to it); *In re Hall*, 651 B.R. 62, 71 (Bankr. M.D. Fla. 2023), *abrogated by In re 2 Monkey Trading, LLC*, 142 F.4th 1323 (11th Cir. 2025) ("The Court does not have jurisdiction to make such a dischargeability determination against the Nondebtors").

In addition, this is one of those instances where the plaintiff has no prayer for relief under Count IV. As explained above, only *a debtor* is eligible for a discharge and thus an action seeking a determination of nondischargeability against non-debtors has no legal basis. *See* 11 U.S.C. § 727(a) ("the court shall grant *the debtor* a discharge…") (emphasis added); 11 U.S.C. §524(a)(1) ("A discharge in a case under this title – voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of *the debtor*…) (emphasis added); *Peralta*, 2019 WL 6048531, at *5 ("Because the Non-Debtor Defendants are not debtors, they cannot be subject to a non-dischargeability judgment. Section 523 does not apply to the Non-Debtor Defendants"); *Qureshi*, 2015 WL 5254717, at *2 ("[the defendant] cannot be subject to any judgment of non-dischargeability because [the defendant] is not a debtor"); *Matter of Pal Nissan, Inc.,* 126 B.R. 966, 973 (Bankr. W.D. Mich. 1991) ("Section 523(a) only covers instances when debts of a *debtor* shall be determined to be nondischargeable."). Accordingly, in addition to the lack of subject matter jurisdiction, Count IV must be dismissed for failure to state a claim upon which relief may be granted. *Speir*, 2012 WL 2094230, at *2.

Since the claims in Counts I, III, IV, and V against these non-debtor Defendants do not fall into one of the four types of matters for which bankruptcy courts have jurisdiction, and further since Godorov fails to state a claim upon which relief can be granted under Count IV, the Complaint must be dismissed with prejudice as to these the non-debtor Defendants.

**2. Dismissal Warranted as to Defendant ACX1 Holdings**

Only Counts I, II, III, IV, and VI were alleged against non-debtor defendant ACX1 Holdings.[7] *See generally*, Doc. No. 1. For the sake of brevity, the court incorporates the same reasons explained as to the other non-debtor Defendants in Part B.1., above, and concludes Counts I, III, and IV must be dismissed for lack of jurisdiction and/or failure to state a claim for which relief may be granted. Likewise, for the same reason explained as to the Debtor in Part A., above, Count VI must be dismissed for lack of standing.

As to the remaining Count – Count II for breach of contract, Godorov's claim against the Debtor for breach of contract has already been set up through the claims allowance process as evidenced by his Proof of Claim. It is there where the alleged breach of contract claim against the Debtor will be decided – *not* in the Adversary Proceeding. It is there where Godorov's claim against the Debtor will be addressed and if allowed, distributed in accordance with the distribution scheme established under 11 U.S.C. § 726. This makes Godorov's claim here in the Complaint under Count II solely a claim against this non-debtor asserting state law causes of action. The claim is at best, a "non-core" proceeding because "as a general rule, 'actions asserted by those plaintiffs who filed actions against non-debtor parties exclusively, regardless of whether they filed a proof of claim,' are 'presumptively non-core.'" *In re Exide Techs.*, 544 F.3d 196, 215 (3d Cir. 2008). What is more, Godorov's Proof of Claim filed in this bankruptcy case does not transform his pre-petition state law causes of action against the non-debtor Defendants into a core proceeding. *Id. See also, In re Argus Group 1700, Inc.*, 206 B.R. 737, 747-48 (Bankr.E.D.Pa.1996). The breach of contract claim simply does not confer "related to" jurisdiction here.

Additionally, a claim of breach of contract by this non-debtor Defendant, if any, is not a case "under" title 11, as the claim is not derived from the bankruptcy petition itself. Second, the claim does not "arise under" title 11, as it does not invoke a substantive right provided by title 11. Third, the claim does not "arise in" a bankruptcy case, as it has clear existence outside the bankruptcy and could otherwise be brought in a non-bankruptcy forum. Finally, any proceeding's outcome could not have any conceivable effect on the bankruptcy estate. *Stoe*, 436 F.3d at 216. Non-core proceedings "'involve disputes over rights that ... have little or no relation to the Bankruptcy Code, do not arise under federal bankruptcy law and would exist in the absence of a bankruptcy case.'" *Balensweig*, 410 B.R. at 162 (citation omitted). Even if Godorov was successful in his claim against this Defendant, the result would have no conceivable effect on the administration of the estate as required by the Third Circuit as there is no legally sufficient nexus

[7] Godorov believes ACX1 Holdings is "affiliated with and/or operating as an alter ego of, or in concert with" the Debtor. Doc. No. 1, ¶9A. The Debtor has explained that ACX1 Holdings is the sole member of the Debtor and is an entirely separate entity. *See* Doc. No. 27-1, at 1 in the Main Case.

to confer "related to" jurisdiction. *See In re ETFF Corp*., 542 B.R. 180, 183 (Bankr. E.D. Pa. 2015) ("Generally, the adjudication of claims between non-debtor parties are not considered to within a Bankruptcy court's 'related to' jurisdiction"); *DVI,* 324 B.R. at 553 (finding no "related to" jurisdiction because the claims only involved non-debtor parties and property that was not part of the debtors' estates); *In re Chapman Lumber Co. Inc*., 343 B.R. 217, 222 (Bankr. N.D. Iowa 2006) (dismissing claims against non-debtor defendant due to lack of "related to" jurisdiction). Godorov's specific claim against this Defendant under Count II is, at best, a non-core claim. But that claim does not have any conceivable effect on the bankruptcy estate.[8] If Godorov was successful, his recovery would be against this Defendant only. The bankruptcy estate will not benefit from his efforts. So, Count II against ACX1 Holdings must be dismissed.

### 3. Request for Joint and Several Liability Has No Impact on Jurisdiction

Godorov, in his Prayer For Relief in the Complaint seeks "judgment in his favor and against Defendants, jointly and severally". Complaint, at 9. But the court finds that joint and several liability cannot provide a basis for "related to" jurisdiction. *See Quattrone Accts., Inc. v. I.R.S.,* 895 F.2d 921, 926 (3d Cir. 1990) (finding that joint and several liability with the debtor does not confer "related to" jurisdiction over a claim against a non-debtor principal); *In re First Magnus Fin. Corporation*, No. 4:07-AP-00060-JMM, 2008 WL 11628593, at *1 (Bankr. D. Ariz. Feb. 6, 2008) ("That joint and several liability may arguably exist between FMCI and the [d]ebtor is not a legally sufficient nexus to confer otherwise non-existent jurisdiction upon this court"); *In re JTS Trucking LLC*, No. 20-40423-JJR11, 2020 WL 6494195, at *5 (Bankr. N.D. Ala. Nov. 4, 2020) (holding that joint and several liability with the debtor does not confer "related to" jurisdiction over a non-debtor co-defendant); *In re Legal Xtranet, Inc.,* 453 B.R. 699, 708 (Bankr. W.D. Tex. 2011) ("both the debtor and AT&T could be held separately liable for the uncollected sales taxes. While AT&T's payment of the tax assessment would reduce or eliminate the debtor's sales tax debt, such a contingency does not confer related to jurisdiction"). As such, the court has no jurisdiction to consider Godorov's claims against the remaining Defendants and the Complaint must be dismissed in its entirety with prejudice.

## C. <u>Permissive Abstention Pursuant To 28 U.S.C. § 1334(C)(1) Over Counts I, II, III, and V is Appropriate</u>

If it could be found that the court somehow has jurisdiction over Counts I, II, III, and V as to the non-debtor Defendants, the court would have abstained for those claims to be heard in state court under the doctrine of "permissive abstention" pursuant to 28 U.S.C. § 1334(c)(1).

Courts typically consider twelve factors when evaluating whether permissive abstention is warranted under § 1334(c)(1):

---

[8] Perhaps it could be argued that Godorov's successful claim against and recovery from this Defendant "might" result in a reduction of his claim against the bankruptcy estate. But that result is too remote and speculative at this point to have any conceivable effect on the bankruptcy estate warranting this court to find "related to" jurisdiction.

> (1) The effect or lack thereof on the efficient administration of the estate;
> (2) the extent to which state law issues predominate over bankruptcy issues;
> (3) the difficulty or unsettled nature of the applicable state law;
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
> (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) the substance rather than the form of an asserted "core" proceeding;
> (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) the burden of the court's docket;
> (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) the existence of a right to a jury trial; and
> (12) the presence in the proceeding of non-debtor parties.

*In re DHP Holdings II Corp.,* 435 B.R. 220, 223–24 (Bankr. D. Del. 2010); *In re Venoco, LLC*, 596 B.R. 480, 492–93 (Bankr. D. Del. 2019), *aff'd*, 610 B.R. 239 (D. Del. 2020)*, aff'd sub nom. In re Venoco LLC*, 998 F.3d 94 (3d Cir. 2021). "The evaluation of these factors is not merely a mathematical exercise. Courts place more weight on some of the factors than others; particularly important are factors (1) the effect on the administration of the estate, (2) whether the claim involves only state law issues, and (7) whether the proceeding is core or non-core. Ultimately, the decision is left up to the broad discretion of the bankruptcy court." *DHP Holdings II Corp.,* 435 B.R. at 224 (internal citations omitted); *see also In re G-I Holdings, Inc*., 580 B.R. 388, 422 (Bankr. D.N.J. 2018) ("The decision to exercise permissive abstention is committed to the sound discretion of the court.") (citations omitted).

Clearly, as set forth above, many of the factors exist favoring abstention. And when looking to the three most important factors, the existence of each of them weighs in favor of abstention. First, as explained above, the Counts involve claims by a non-debtor against non-debtor defendants. In light of the claims allowance process and Godorov submitting his Proof of Claim, the fraud, breach of contract, and unjust enrichment claims also remain only against non-debtors. To be sure, if Godorov is successful with his claims against the Non-debtor Defendants, any individual recovery by a non-debtor against non-debtor defendants will not have any effect on the administration of the bankruptcy estate. It certainly will not have an impact on the Proof of Claim as the amount determined through the claims allowance process will remain constant as to the Debtor. There is also no other conceivable impact that Godorov's successful claims under these Counts, if any, will have on the administration of the estate. Next, actions for fraud, breach of contract, unjust enrichment, and civil conspiracy against non-debtors involve predominately state law issues and having the state court decide those issues promotes comity and consistency in the application of those laws. Next, as noted above, none of these Counts are within the core jurisdiction of the court. "A core proceeding, for bankruptcy jurisdictional purposes, is an action that has as its foundation the creation, recognition, or adjudication of rights that would not exist independent of a bankruptcy environment." *In re Med. Educ. & Health Servs., Inc.*, 459 B.R. 527,

545 (Bankr. D.P.R. 2011). Counts I, II, III, and V alleged by Godorov exist independent of a bankruptcy environment and therefore, are not core proceedings. At best, each Count constitutes a non-core proceeding focused on state court law which has no conceivable effect on the bankruptcy estate. Finally, another factor weighs in favor of abstention – the burden imposed upon the court's docket with the demand to address these claims. Effectively Godorov is asking the court to duplicate its efforts by determining the fraud, breach of contract, and unjust enrichment claims against non-debtors which has no effect or impact on the bankruptcy estate, while at the same time, determine the claims against the Debtor, which does have an effect/impact, through the claims allowance process – a process that Godorov is participating in as evidenced by his Proof of Claim. Godorov is also asking the court to decide non-core matters related to non-debtors over which state law predominates. This duplication of efforts and placing the court in a position to determine non-core proceedings in which state court predominates is burdensome. All of this favors abstention over these alleged non-debtor causes of action. *See G-I Holdings, Inc.*, 580 B.R. at 422.

## CONCLUSION

Accordingly, this court GRANTS the Motion with the entirety of the Complaint being DISMISSED WITH PREJUDICE.

Godorov can seek relief for his claims against the non-debtors in another forum.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge

Dated: September 1, 2026